# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

DANIEL R. BENSON
DIRECT DIAL: (212) 506-1720
DIRECT FAX: (212) 506-1800
DBENSON@KASOWITZ.COM

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

August 9, 2024

**VIA ECF**

Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Care One, LLC v. National Labor Relations Board*, No. 23-7475

Dear Ms. Wolfe:

Under Fed. R. App. P. 28(j), appellant CareOne writes to apprise the Court of *Energy Transfer, LP v. NLRB*, 2024 WL 3571494 (S.D. Tex. July 29, 2024), and *Space Exploration Technologies Corp. ("SpaceX") v. NLRB*, 2024 WL 3512082 (W.D. Tex. July 23, 2024). Both decisions preliminarily enjoined NLRB proceedings that were allegedly unconstitutional because of ALJ-removal protection.

Both decisions held that, absent preliminary relief, plaintiffs would suffer irreparable harm, based on *Axon Enterprises v. FTC*, 598 U.S. 175, 191 (2023) ("subjection to" unconstitutional proceeding is "here-and-now injury" that "cannot be undone"). Although the NLRB urged (as here) that *Axon* is inapposite because it addressed subject-matter jurisdiction, not the preliminary-injunction's irreparable-harm requirement, both decisions concluded that *Axon*'s reasoning was dispositive: "a harm that 'cannot be undone' is by definition irreparable." *Energy Transfer*, 2024 WL 3571494 at *4 (quoting *Axon*); *accord SpaceX*, 2024 WL 3512082 at *6; Doc. 43 at 22-23.

Both decisions held that the equities militate in favor of a preliminary injunction. *Energy Transfer*, 2024 WL 3571494 at *5 (as the pause in the proceeding is "temporary," the NLRB, if the challenge fails after full adjudication, may then continue with the proceeding); *SpaceX*, 2024 WL 3512082 at *7 ("government suffers no cognizable harm from stopping the perpetuation of unlawful agency action") (citation omitted); Doc. 41 at 38-39, 63-64.

Both decisions rejected as premature the NLRB's argument (raised here) that a preliminary injunction was unnecessary because, if the removal protection is unconstitutional, the district court could resolve the issue by severing the protection from the statute: "[s]everance" is a "question of appropriate *relief*, which is necessarily gated by a requirement that [plaintiff] actually succeed on the *merits* of its claim" after full adjudication. *SpaceX*, 2024 WL 3512082 at *6; *accord Energy Transfer*, 2024 WL 3571494 at *4 ("[W]hile severing the removal provisions may eventually be the proper remedy on the merits, its potential availability has no bearing on [the] right to preliminary relief."); Doc. 43 at 27-28.

KASOWITZ BENSON TORRES LLP

Catherine O'Hagan Wolfe, Clerk of Court
August 9, 2024
Page 2

                                                                                   Sincerely,

                                                                                    Daniel R. Benson
                                                                                    *Counsel for Care One*

Cc:      All counsel via ECF