# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

DANIEL R. BENSON
DIRECT DIAL: (212) 506-1720
DIRECT FAX: (212) 506-1800
DBENSON@KASOWITZ.COM

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

November 12, 2024

**VIA ECF**

Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

  Re: *Care One, LLC v. National Labor Relations Board ("NLRB")*, **No. 23-7475**

Dear Ms. Wolfe:

  CareOne writes in response to the NLRB's Rule 28(j) letter (Doc. 63) regarding *YAPP USA Auto. Sys. v. NLRB*, 2024 WL 4489598 (6th Cir. Oct. 13, 2024). The plaintiff sought an injunction pending appeal to enjoin NLRB proceedings on account of the ALJ's unconstitutional removal protection, and the Sixth Circuit declined to grant the injunction, noting that it was bound by *Calcutt v. FDIC*, 37 F.4th 293, 310 (6th Cir. 2022), *rev'd on other grounds*, 598 U.S. 623 (2023). Our briefing explains why *Calcutt*, and thus *YAPP*, is not persuasive. (*See* Doc. 41 at 46-54; Doc. 43 at 28-32.)

  Unlike the plaintiff in *YAPP*, CareOne has also brought an Appointments Clause claim. Under *Lucia*, because an unconstitutionally appointed ALJ presided over the NLRB proceedings from 2012 until 2014, the NLRB proceedings have since been tainted, and the only cure is to hold "a new hearing with a properly appointed official." *Lucia v. SEC*, 585 U.S. 237, 251 & n.5 (2018). As Justice Kagan explained, it is not acceptable (i) for an unconstitutionally appointed ALJ to preside over a particular matter, (ii) for that ALJ to purportedly receive a proper appointment, and (iii) for that same ALJ to return to preside over that same matter: "He cannot be expected to consider the matter as though he had not adjudicated it before." *Id.* Instead, "another ALJ" must hold a new hearing. *Id.* Because that never happened here, the appointments violation remains. *See id.*

  *YAPP* also erred in requiring the plaintiff to show prejudice. The Supreme Court has been clear that when a government proceeding's very structure is defective, harmless-error analysis is inappropriate, and the proceeding should be vacated regardless of prejudice. *See Lucia*, 585 U.S. at 251; *Stern v. Marshall*, 564 U.S. 462, 503 (2011) (setting aside, without assessing prejudice, order of bankruptcy judge who improperly exercised Article III power); *Nguyen v. United States*,

KASOWITZ BENSON TORRES LLP

Catherine O'Hagan Wolfe, Clerk of Court
November 12, 2024
Page 2

539 U.S. 69, 81 (2003) (vacating decision by "improperly constituted" Ninth Circuit panel, "without assessing prejudice"); *Ryder v. United States*, 515 U.S. 177, 183 (1995) (same re: Coast Guard Court of Military Review panel).

Respectfully,

*[signature]*

Daniel R. Benson
*Counsel for Care One*

Cc: All counsel via ECF