

**UNITED STATES GOVERNMENT**
**NATIONAL LABOR RELATIONS BOARD**
**OFFICE OF THE GENERAL COUNSEL**
Washington, D.C. 20003

December 11, 2024

**BY CM/ECF TO ALL PARTIES**
Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, New York, 10007

                Re:    *Care One, LLC v. National Labor Relations Board*,
                         Case No. 23-7475

Dear Ms. Wolfe:

      Appellees in the above-captioned matter ("the NLRB") write to submit the decision in *Alpine Securities Corp. v. FINRA*, No. 23-5129, 2024 WL 4863140 (D.C. Cir. Nov. 22, 2024) as supplemental authority.

      In that case, Alpine Securities appealed the denial of a preliminary injunction it had sought against the Financial Industry Regulatory Authority (FINRA), a self-regulatory organization which had initiated proceedings to expel Alpine from its membership. Alpine argued that it was entitled to injunctive relief on several grounds. Of particular relevance here, Alpine argued that FINRA's "hearing officers are officers of the United States who must be appointed in conformance with the Appointments Clause and must be removable at will," and that Alpine would suffer irreparable harm if it were "subjected to an unconstitutional proceeding before an unconstitutional body." *Id.* at *12.

      The D.C. Circuit held that "Alpine is not entitled to a preliminary injunction on these claims." *Id.* It found that "being investigated by, or participating in a proceeding before, an unconstitutionally appointed officer is not, without more, an injury that necessitates preliminary injunctive relief," *i.e.*, an "irreparable harm." *Id.* at *14. The Court then rejected Alpine's argument that the Supreme Court's decision in *Axon Enterprise, Inc. v. FTC*, 598 U.S. 175 (2023), "automatically mandates a finding of irreparable harm." *Id.* at *15. *Axon* "answered a statutory jurisdictional question," but it "did not speak to what constitutes irreparable harm for purposes of the extraordinary remedy of a preliminary injunction." *Id.* On the Court's reading, "*Axon* at most says that, as a matter of statutory jurisdiction, a federal-court challenge to an unconstitutional appointment can begin before the agency acts. It does not say that every agency proceeding already underway must immediately be halted because of an asserted constitutional flaw." *Id.* at *16.

      These holdings support arguments made by the Board, Appellees' Br. 59–60, ECF No.

Catherine O'Hagan Wolfe
December 11, 2024
Page 2

39.1, and reject the contrary views expressed by a single D.C. Circuit judge (that Care One adopts, *see* Appellees' Reply Br. 26-27, ECF No. 43.1), who had concurred in a motions panel order granting Alpine an injunction pending appeal.

    Respectfully submitted,

    /s/ Michael Dale
    Michael S. Dale
    *Attorney for Appellees*
    National Labor Relations Board
    Contempt, Compliance,
    & Special Litigation Branch
    1015 Half Street, S.E., 4th Floor
    Washington, DC 20003
    Tel: (202) 273-0008
    michael.dale@nlrb.gov