

UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD
OFFICE OF THE GENERAL COUNSEL

Washington, D.C. 20570

February 28, 2025

**VIA ACMS**
Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, New York, 10007

      Re: *Care One, LLC v. National Labor Relations Board*,
         Case No. 23-7475

Dear Ms. Wolfe:

  Appellees (collectively, "NLRB") respectfully notify the Court that the NLRB is modifying its position with respect to the constitutionality of removal restrictions for NLRB administrative law judges (ALJs). *See* Appellees' Br. 27–43. The NLRB is no longer relying on its previous argument that the multiple layers of removal restrictions for ALJs in 5 U.S.C. § 7521 comport with the separation of powers and Article II of the United States Constitution. This is consistent with the position of the Acting Solicitor General. *See* Letter from Sarah M. Harris, Acting Solicitor General, to the Honorable Mike Johnson, Speaker of the United States House of Representatives (Feb. 20, 2025), https://www.justice.gov/oip/media/1390336/dl?inline (attached).

  The NLRB maintains that this Court should affirm the denial of the preliminary injunction sought by Appellants (collectively, "Care One") because 1) Care One has not made the required showing of causal harm to succeed on the merits of its ALJ-removal-restriction challenge; 2) Care One is not likely to prevail on its claim that Judge Chu's appointment violated the Appointments Clause; 3) Care One has not established irreparable harm; 4) preliminary injunctive relief is unavailable where severance would resolve the threat of appearing before an unconstitutionally insulated adjudicator; and 5) the balance of the equities and the public-interest factors counsel against a preliminary injunction. *See* Appellees' Br. 43–72.

Catherine O'Hagan Wolfe
February 28, 2025
Page 2

                                                    Respectfully submitted,

William B. Cowen                            /s/ Michael S. Dale
*Acting General Counsel*                 Michael S. Dale
                                          *Supervisory Attorney*
Stephanie Cahn                          Tel: (202) 273-0008
*Acting Deputy General Counsel*       Facsimile: (202) 273-4244
                                          Email: michael.dale@nlrb.gov
Nancy E. Kessler Platt
*Associate General Counsel,*           National Labor Relations Board
*Division of Legal Counsel*            *Contempt, Compliance, and Special Litigation*
                                          *Branch*
Dawn L. Goldstein                   1015 Half Street, S.E. - 4th Floor
*Deputy Associate General Counsel*     Washington, DC 20570
*Division of Legal Counsel*

Kevin P. Flanagan
*Deputy Assistant General Counsel*
*Contempt, Compliance, and Special Litigation*
*Branch*

Dated: February 28, 2025

cc: all counsel (via ACMS)



**U.S. Department of Justice**

Office of the Solicitor General

---

*The Solicitor General*                                                              *Washington, D.C. 20530*

February 20, 2025

The Honorable Mike Johnson
Speaker
U.S. House of Representatives
Washington, DC 20515

      Re:    Multilayer Restrictions on the Removal of Administrative Law Judges

Dear Mr. Speaker:

      Pursuant to 28 U.S.C. 530D, I am writing to advise you that the Department of Justice has concluded that the multiple layers of removal restrictions for administrative law judges (ALJs) in 5 U.S.C. 1202(d) and 7521(a) violate the Constitution, that the Department will no longer defend them in court, and that the Department has taken that position in ongoing litigation. See 2/11/25 Letter, *Axalta Coating Systems LLC* v. *FAA*, No. 23-2376 (3d Cir.).

      In *Free Enterprise Fund* v. *PCAOB*, 561 U.S. 477 (2010), the Supreme Court determined that granting "multilayer protection from removal" to executive officers "is contrary to Article II's vesting of the executive power in the President." *Id.* at 484. The President may not "be restricted in his ability to remove a principal [executive] officer, who is in turn restricted in his ability to remove an inferior [executive] officer." *Ibid.*

      A federal statute provides that a federal agency may remove an ALJ "only for good cause established and determined by the Merit Systems Protection Board on the record after opportunity for hearing before the Board." 5 U.S.C. 7521(a). Another statute provides that a member of the Board "may be removed by the President only for inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. 1202(d). Consistent with the Supreme Court's decision in *Free Enterprise Fund*, the Department has determined that those statutory provisions violate Article II by restricting the President's ability to remove principal executive officers, who are in turn restricted in their ability to remove inferior executive officers.

      Please let me know if I can be of any further assistance in this matter.

                                                                   Sincerely,

                                                                     Sarah M. Harris
                                                                     Acting Solicitor General