# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

DANIEL R. BENSON
DIRECT DIAL: (212) 506-1720
DIRECT FAX: (212) 506-1800
DBENSON@KASOWITZ.COM

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

March 3, 2025

**VIA ECF**

Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Care One, LLC v. National Labor Relations Board ("NLRB")*, **No. 23-7475**

Dear Ms. Wolfe:

      CareOne responds to the NLRB's letter (Doc. 69) conceding that the administrative proceedings against CareOne are unconstitutional insofar as the removal protections of NLRB administrative law judges (ALJs) contravene the President's Article II removal power. The Department of Justice recognized that the NLRB's original position on this issue was wrong. The NLRB's concession renders reversal or vacatur of the district court's preliminary-injunction denial all the more warranted.

      The NLRB nonetheless mistakenly insists that a preliminary injunction cannot issue unless CareOne proves that the unconstitutional removal protections for NLRB ALJs (i) caused prejudice and (ii) are not statutorily severable. Prejudice and severability are remedial issues that the district court will adjudicate on remand. They are irrelevant to the merits inquiry of CareOne's preliminary-injunction application, which asks whether the administrative proceedings are likely unconstitutional. With the NLRB's concession, the answer is yes, terminating the merits inquiry in CareOne's favor. *See* Doc. 43 at 28-36.

      Further, in urging that CareOne cannot show irreparable harm, the NLRB disregards Justice Kagan's holding that subjection to structurally unconstitutional proceedings is a "here-and-now injury" that cannot be remedied later. *Axon Enter. v. FTC*, 598 U.S. 175, 191 (2023). That *is* irreparable harm. *See* Doc. 43 at 22-27.

      Finally, although the administrative hearing has concluded, interim relief remains appropriate and necessary because CareOne remains subject to constitutionally contaminated Board proceedings: the decision and administrative record under review by the Board were generated by an ALJ who was not only, as the NLRB now admits, unconstitutionally insulated

KASOWITZ BENSON TORRES LLP

Catherine O'Hagan Wolfe, Clerk of Court
March 3, 2025
Page 2

but also unconstitutionally appointed. The proper course now is to pause the administrative proceedings so that the structural constitutional claims and remedial issues can be fully adjudicated in district court—the appropriate forum—before the proceedings resolve and moot the challenge. *Carr v. Saul*, 593 U.S. 83, 84 (2021) ("agency adjudications are generally ill suited to address structural constitutional challenges"). If the challenge fails, the proceedings will resume. The NLRB has no basis to claim inequity in preserving the district court's power to fully adjudicate constitutional claims and remedial issues—especially now that the NLRB admits that one such claim is meritorious.

Respectfully submitted,

Daniel R. Benson
*Counsel for Care One*

Cc: All counsel via ECF